**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:18-CR-26 |
| vs. § | |
| § | |
| § | |
| KIMBERLY MONTGOMERY § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On May 23, 2019, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Nathaniel Kummerfeld. Defendant was represented by Assistant Federal Defender Matt Millslagle.

*Background*

After pleading guilty to the offense of Escape from Custody, a Class D felony, Kimberly Montgomery ("Defendant") was sentenced on March 28, 2017 by Senior United States District Judge Robert A. Junell. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 7 and a criminal history category of V, was 12 to 18 months. Defendant was sentenced to 12 months of imprisonment followed by a 3-year term of supervised release, to run concurrent to Case No. 6:18-CR-25, subject to the standard conditions of release, plus special conditions to include abstinence of the use of alcohol and other intoxicants, a restriction from residing where firearms are possessed or stored, drug testing and treatment, participation in a workforce development program, a requirement to obtain and maintain steady employment, compliance with child support, medical record disclosure,

1

a prohibition of ingesting medications not prescribed to her, financial disclosure, credit restriction, a $1,000 fine and a $100 special assessment.

Defendant completed her term of imprisonment and started her term of supervised release on March 2, 2018. On May 21, 2018, jurisdiction of this case was transferred to the Eastern District of Texas. The case was reassigned to United States District Judge J. Campbell Barker on May 14, 2019.

*Allegations*

In the 2nd Amended Petition seeking to revoke Defendant's supervised release, filed on May 16, 2019, United States Probation Officer Ben Sanders alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 2): The defendant must report to the probation officer and must report to the probation officer as instructed.** It is alleged that Defendant submitted a late monthly report for the month of April 2018, and failed to submit a report for the month of May 2018.

2. **Allegation 2 (standard condition 5): The defendant must live at a place approved by the probation officer. Any plans to change anything about the living arrangements, including the people the defendant lives with, requires notification to the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that, according to Defendant's mother and another resident, Defendant did not reside at her approved residence and has not been there since May 24, 2018. The probation officer was unaware of Defendant's location.

3. **Allegation 3 (standard condition 7): The defendant shall work full-time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses her from doing so. If the defendant does not have full-time employment, she must try to find full-time employment, unless the probation officer excuses her from doing so. If the defendant plans to change where she works or anything about her work (such as her position or job responsibilities), she must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, she must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that, on June 5, 2018, the U.S.

> Probation Office made contact with Defendant's employer, McDonald's in Whitehouse, Texas, and the supervisor advised that Defendant had not reported to work in several weeks.

4. **Allegation 4 (special condition): The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after the program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program.**. It is alleged that Defendant failed to report for random drug testing on April 30, May 4, May 7, May 30, and June 6, 2018.

5. **Allegation 5 (mandatory condition): The defendant shall not commit another federal, state, or local crime during the term of supervision**. It is alleged that Defendant was arrested on February 25, 2019 for Theft of Property <$2,500 2/More Previous Convictions, a State Jail Felony, in Dallas County, Texas. She was subsequently convicted for the offense of Theft of Property <$2,500, a Class A Misdemeanor, and was sentenced to 180 days in jail.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class D felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release as

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

alleged in the petition, she is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was V. The Guidelines, therefore, provide that Defendant's guideline range for a Grade C violation is 7 to 13 months of imprisonment.

### *Hearing*

On May 23, 2019, Defendant appeared for a final revocation hearing. Assistant United States Attorney Nathaniel Kummerfeld announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 in the petition and to jointly request a sentence of 12 months and 1 day of imprisonment, with no further supervised release, to run concurrently with the revocation sentence imposed in Case No. 6:18-CR-25. After the Court explained to Defendant her right to a revocation hearing, she waived her right to a revocation hearing and entered a plea of "true" to Allegation 1 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine her at FCI Danbury.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 in the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that she should be sentenced to 12 months and 1 day of imprisonment, with no further supervised release, to run concurrently with the revocation sentence imposed in Case No. 6:18-CR-25. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 12 months and 1 day of imprisonment, with no further supervised release, to run concurrently with the sentence imposed in Case No. 6:18-CR-25. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Danbury.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of her right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for her to be sentenced to 12 months and 1 day of imprisonment, with no further supervised release, to run concurrently with the sentence imposed in Case No. 6:18-CR-25.

So ORDERED and SIGNED this 23rd day of May, 2019.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE